### In re A. FRIEDERICH & SONS COMPANY, Debtor.

**Bankruptcy No. 75–4477.**

United States Bankruptcy Court,
W.D. New York.

Jan. 2, 1986.

---

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

This proceeding was initiated by a motion of the trustee objecting to several claims made against the debtor's estate. Specifically, the claims objected to by the trustee were claims numbered 16, 18, 22, 23, 24, 25, 42, 45, 48, 49, 56, 58, 59, 65, 66, 67, 71, 73, 78, 79 and 81. Claims numbered 16, 65, 66, 67 and 73 were either allowed, compromised or adjourned prior to or during the scheduled motion hearing held on November 18, 1985. With the exception of claims numbered 48, 49, 58 and 71, there was no appearance nor timely opposition made by any of the other claimants to the trustee's objections to their respective claims. Thus, the trustee's objections to those claims not specifically enumerated as having been allowed, compromised, adjourned or being opposed were sustained.

After oral argument and an opportunity to submit briefs, the case is ready for decision. Claims numbered 48 and 49 were filed by the Northern New York Bricklayers and Masons' Health, Welfare and Pension Fund. The claims were for $6,113.60 and $563.20. The basis of the trustee's objection is that although the claims were filed as priority wage claims, they were not claims for wages. Claim 58 filed by the Engineers Joint Welfare and Pension Fund for $1,000.00 is similar. Finally, claim 71 for $3,716.29 was a claim filed by the Bricklayers and Masons Local # 56. The trustee objected to claim 71 as being filed late.

Claim 71 may be disposed of without discussion. During oral argument, counsel for the Bricklayers and Masons Local # 56 conceded that the claim was filed late. Therefore, the trustee's objection with respect to claim 71 is sustained.

With respect to the other three claims in question, the objection to the priority status of the claims raised three lines of defense. First, the claimants allege that the controlling priority statute is 11 U.S.C. § 507(a). In the alternative, the claimants' second argument is that the monies owed by the debtor fall within the term "wages" as used in subsection 64(a)(2) of the Bankruptcy Act. And third, the claimants seek an order from this Court declaring a portion of the assets of the estate to be part of a trust fund or funds under the New York State Lien Law.

The first issue presented is whether the provisions of the Bankruptcy Act or the provisions of the Bankruptcy Code control in this particular situation. The statute provides that cases such as this[1] commenced under the Act are governed by the Act[2].

The second issue presented is whether the contested claims fall within the term "wages" as used in subsection 64(a)(2) of the Bankruptcy Act. The applicable portion of subsection 64(a)(2) reads as follows:

a. The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment shall be

(2) wages and commissions, not to exceed $600 to each claimant, which have been earned within three months before the date of the commencement of the proceeding, due to workmen, servants, clerks, or traveling or city salesmen on salary or commission basis ...

Claimants argue that payments owing to the funds represented by the disputed claims should be encompassed by a broad interpretation of the term "wages". This argument is without merit with respect to payments to an annuity fund and to a union welfare fund[3]. These decisions[4] reason that the monies owed were not directly owed to the workmen, as required by statute, and that the policy consideration behind the enactment of the "wage" priority was to provide a protective cushion for the employee once the employer filed bankruptcy. Applying those precedents and their reasoning to the facts of this case, the claims cannot be considered as being included in the term "wages" under subsection 64(a)(2) of the Bankruptcy Act.

The third issue raised is whether the Lien Law of the State of New York created a trust fund or trust funds which might negate that fund or funds from being included in the debtor's estate. This issue was only tangentially raised by one of the claimants. No proof was offered as to how the specific claims in question met the requirements of any possibly applicable section of the Lien Law. Therefore, this defense to the trustee's objection to certain claims must fail because of the claimant's failure to adequately put forth facts to substantiate their position.

Since all three defenses failed, it is ordered that the trustee's objections to claims numbered 48, 49, 58 and 71 be sustained.

1. Filed 12/15/75

2. Bankruptcy Reform Act of 1978, Pub.L. 95–598, 92 Stat. 2683; 11 U.S.C.S.Prec. § 101; *see also Central Trust Co. v. Geiger Ent., Inc.,* 454 U.S. 354, 357, 102 S.Ct. 695, 696, 70 L.Ed.2d 542 (1982)

3. *See Joint Industry Bd. of the Electrical Industry v. U.S.,* 391 U.S. 224, 88 S.Ct. 1491, 20 L.Ed.2d 546 (1968); *U.S. v. Embassy Restaurant, Inc.,* 359 U.S. 29, 79 S.Ct. 554, 3 L.Ed.2d 601 (1959); *Local 140 Security Fund v. Hack,* 242, F.2d 375 (2nd Cir.1957).

4. *Id.*